People ex rel. Barta v Maginley-Liddie (2025 NY Slip Op 04697)

People ex rel. Barta v Maginley-Liddie

2025 NY Slip Op 04697

Decided on August 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2025-08013 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Peter A. Barta, on behalf of Gabriel Quezada, petitioner, 
v
Lynelle Maginley- Liddie, etc., respondent.

Brooklyn Defenders, Forest Hills, NY (Peter A. Barta pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Nicholas Isaacson of counsel), for respondent.

Writ of habeas corpus in the nature of an application to release Gabriel Quezada upon his own recognizance or, in the alternative, to set reasonable bail pursuant to CPL 30.30(2)(a) upon Queens County Indictment No. 71310/2025, and application by the petitioner for a waiver of costs, fees, and expenses.
ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the writ is dismissed, without costs or disbursements.
"Where . . . a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within ninety days from the commencement of his or her commitment" (People ex rel. Nieves v Maginley-Liddie, 232 AD3d 568, 568 [internal quotation marks omitted]; see CPL 30.30[2][a]). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute" (People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 755 [internal quotation marks omitted]). Here, the petitioner failed to meet that burden as the People were ready within 90 days from the commencement of the defendant's commitment, and the People's filing of the certificate of compliance and statement of readiness was not illusory. Accordingly, the petitioner failed to establish entitlement to relief pursuant to CPL 30.30(2)(a).
BARROS, J.P., WARHIT, VOUTSINAS and GOLIA JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court